Whaley, Judge,
delivered the opinion of the court:
The plaintiff enlisted in the Navy March 20, 1905, and served thereafter continuously as an enlisted man. On April 8, 1925, he was designated leader of the United States Navy Band, which position, under the act of March 4, 1925, 43 Stat. 1269, 1275, carries the pay and allowances, but without the rank, of a lieutenant in the Navy. Section 17 of the act provides:
“Sec. 17. That hereafter the band now stationed at the navy yard, Washington, District of Columbia, and known *728 as the Navy Yard Band, shall be designated as the United States Navy Band, and the leader of this band shall receive the pay and allowances of a lieutenant in the Navy: Provided, That all service as an enlisted man in the naval service shall be counted in computing longevity increases for pay of this leader: Provided further, That no back pay or allowances shall be allowed to this leader by reason of the passage of this act; And provided further, That hereafter during concert tours approved by the President, members of the United States Navy Band shall suffer no loss of allowances.”
On the date of his appointment, April 8, 1925, plaintiff had completed almost 20 years enlisted service. He had no commissioned service to his credit. The Navy Department, for pay purposes, placed him in the third pay period, act of June 10, 1922, 42 Stat. 625, and this action has set the amount of pay actually received by him. He now sues for the difference between such pay and pay of the fourth period, claiming that his pay period should be based on service, of more than 17 years.
In considering this case it must be kept in mind that the act of March 4, 1925, was, as far as this suit is involved, a pay statute and had nothing to do with plaintiff’s rank. If it cannot be construed as raising plaintiff’s pay and allowances from those of an enlisted man to that of a commissioned officer it speaks to no purpose.
The act of June 10, 1922, 42 Stat. 625, classified officers of the Navy appointed after July 1, 1922 (plaintiff was designated leader of the new band April 8, 1925), into six pay periods, in general according to rank and length of active commissioned service. The act of March 4, 1925, did not give plaintiff the rank of officer and he had no commissioned service.
If plaintiff is to be placed in a pay period it must therefore be under another provision of the act of June 10, 1922, a part of section 1, which reads:
“ The provisions of this act shall apply equally to those persons serving, not as commissioned officers in the Army, or in the other services mentioned in the title of this Act, but whose pay under existing law is an amount equivalent to that of a commissioned officer of one of the above grades, *729 those receiving the pay of colonel, lieutenant colonel, major, captain, first lieutenant, and second lieutenant, being classified as in the sixth, fifth, fourth, third, second and first periods, respectively. * * * ” [Italics ours.]
A lieutenancy in the Navy is comparable to that of a captaincy in the Army. Plaintiff would by assimilation receive under this provision the pay of the third period, rank and length of service not being necessary to consider.
The objection is raised that the term “ existing law ” used in the provision quoted refers to “ law' existing on June 30, 1922.” There was no law existing on June 30, 1922, giving the leader of the band the pay of a lieutenant in the Navy, the new band did not in fact exist, and the argument is that the provision is therefore inapplicable to plaintiff’s case. But this would leave plaintiff without any pay period whatever, and relegate him to the pay status of an enlisted man. We cannot construe the act of March 4, 1925, practically out of existence and declare it a. mere nullity as far as raising plaintiff’s pay status is concerned.
Congress did not in fact make the statute read “ law existing on June 30, 1922”, and we may not make it read that way. The acts of June 10, 1922, and March 4, 1925, must be read together, so as to effectuate the plain purpose of the later act. The term “ existing law ” is subject to amendment and we think in this particular was modified as to plaintiff’s case by the act of March 4, 1925.
The leader of the United States Navy Band is a person whose pay under the act of June 10, 1922, as modified by the act of March 4, 1925, is an amount equivalent to that of a commissioned officer, with pay of lieutenant in the Navy, classified in the third period.
The Navy Department classified the plaintiff for pay purposes as in the third period; the Comptroller General denied his claim for higher pay, adhering to this classification, which is in accordance with the pay statutes, properly interpreted, as they relate to the leader of the Navy Band.
It is ordered that the petition be, and it is, dismissed.
Williams, Judge; LittletoN, Judge; GeeeN, Judge; and Booth, Chief Justice, concur.