Williams, Judge,
delivered the opinion of the court:
The plaintiff was appointed leader of the United States Naval Academy Band on January 16, 1933, effective from January 12, 1933, and since that date has continuously performed the duties of leader of such band. On the date of his appointment plaintiff was an enlisted man in the United States Navy and had to his credit 22 years, 4 months, and 8 days’ enlisted service. The appointment was made pursuant to the act of February 14, 1931, 46 Stat. 1111, which provides:
That the Naval Academy Band shall hereafter consist of one leader with the pay and allowances of a lieutenant, senior grade, United States Navy; one second leader, with the pay and allowances of a warrant officer; and of such enlisted men and in such ratings as may be assigned to that band by the Navy Department: Provided, That the ratings and the proportionate distribution among the ratings of the enlisted men shall be substantially the same as in the Navy Band: Provided further, That the leader, second leader, and the enlisted men of the Naval Academy Band shall be entitled to the same benefits in respect to pay, emoluments, and retirement arising from longevity, reenlistment, and length of service as are or hereafter may become applicable to other officers and enlisted men of the Navy.
It is conceded in the argument that the words “senior grade” as applied to a lieutenant of the Navy are superfluous, as the pay statutes recognize only lieutenants, junior grade, and lieutenants in the Navy. The effect of the Act was to give to the leader of the Naval Academy Band the same relative rank for pay purposes as that given to leaders of the Marine Band and the Navy Band in sections 11 and 17, respectively, of the act of March 4, 1925, 43 Stat. 1269.
*165 The pay periods and the pay of a lieutenant of the Navy are fixed by the Adjusted Service Pay Act of June 10, 1922 (42 Stat. 625-627), as follows:
That, beginning July 1, 1922, for the purpose of computing the annual pay of the commissioned officers of the Regular Army and Marine Corps below the grade of brigadier general, of the Navy below the grade of rear admiral, * * * pay periods are prescribed, and the base pay for each is fixed as follows: * * *; the second period, $2,000; the third period, $2,400; the fourth period, $3,000; * * *
$ ‡ H* $ H*
The pay of the fourth period shall be paid to * * * lieutenants of the Navy * * * who have completed seventeen years’ service * * *.
The pay of the third period shall be paid to * * * lieutenants of the Navy * * * who have completed seven years’ service * * *.
The pay of the second period shall be paid to * * * lieutenants of the Navy * * * who are not entitled to the pay of the third or fourth period; * * *.
The plaintiff has received the base pay and allowances of the third pay period. He seeks in this suit to recover the difference between the pay and allowances he has received and the pay and allowances of the fourth pay period.
It appears that a lieutenant of the Navy may receive the "base pay of the second, third, or fourth period, depending ■entirely upon the number of years’ service he has completed— the pay of the fourth period after completion of 17 years’ service, the pay of the third period after 7 years’ service, and the pay of the second period to lieutenants who are not ■entitled to the pay of either the third or fourth period. The plaintiff’s contention is that he, having completed more than 17 years’ service at the time of his designation as leader of the Naval Academy Band, became entitled to the pay of a lieutenant of the Navy with a like service, which is the pay of the fourth period. The contention overlooks entirely paragraph 11 of section 1 of the pay act of June 10, 1922, swpra, which provides:
For officers appointed on and after July 1, 1922, no service shall be counted for purposes of pay except active commissioned service * * *.
*166 The plaintiff was an enlisted man at the time of his appointment as leader of the Naval Academy Band and had no' commissioned service to his credit, nor has he any commissioned service to his credit to this date. Plaintiff, therefore, even if he held the rank of lieutenant in the Navy,, which he does not, being still an enlisted man, could not satisfy the requirements of the statute for the pay of the fourth pay period. Neither could he satisfy the requirements of the statute for the pay of the third pay period. Since, however, the rank of lieutenant corresponds to the rank of captain in the Army, plaintiff, under paragraph 12 of section 1 of the act of June 10, 1922, would, by assimilation, be entitled to receive the pay of the third pay period.
The question here presented was considered and determined by the court in Benter v. United States, 79 C. Cls. 726, 729. The plaintiff in that case was an enlisted man in the Navy who had an enlisted service of more than 17 years, when, on April 8, 1925, he was designated as leader of the United States Navy Band. He was appointed under the act of March 4, 1925, 48 Stat. 1275, which provided:
Sec. 17. That hereafter the band now stationed at the navy yard, Washington, District of Columbia, and known as the Navy Yard Band, shall be designated as the United States Navy Band, and the leader of this band shall receive the pay and allowances of a lieutenant in the Navy: Provided, That all service as an enlisted man in the naval service shall be counted in computing longevity increases for pay of this leader. * * *
Benter, like the plaintiff in this case, was receiving the pay of the third pay period and claimed that because he had to his credit a service of more than 17 years he was entitled to the pay and allowances of the fourth pay period. The court held that because the service relied on was enlisted service and not commissioned service Benter was not entitled to recover. The plaintiff does not challenge the correctness of the Benter decision but contends the effect of that decision has been overcome by a subsequent act of Congress of June 7,1935, 49 Stat. 331. This Act provided that after the date of its approval “the *167 present leader of the United States Navy Band and the present leader of the band of the United States Marine Corps shall have the rank, pay, and allowances of a lieutenant in the Navy and of a captain in the Marine Corps, respectively; and in the computation of their pay and allowances all service in the Navy and Marine Corps of whatever nature rendered by said leaders shall be counted as if it were commissioned service * * The plaintiff contends that since the act of February 14, 1931, under which he was appointed, contained the provision “that the leader,' second leader, and enlisted men of the Naval Academy Band shall be entitled to the same benefits in respect to pay, emoluments, and retirement arising from longevity, reenlistment, and length of service as are or hereafter may become applicable to other officers and enlisted men of the Navy” (Italics ours), he is entitled to the benefits granted to the leaders of the United States Navy Band and the United States Marine Band by the act of June 7,1935. It is contended that since Congress has passed legislation applying to the. leaders of the Navy Band and the Marine Band, whose positions are identical to that of plaintiff, the plaintiff is entitled to the same'benefits of such legislation as are the persons specifically named therein.
The act of June 7, 1935, was a relief statute entitled “An Act for the relief of the present leaders of the United States Navy Band and the band of the United States Marine Corps.” The leader of the Naval Academy Band was not named either in the title or the body of the Act. It has been held by this court that where Congress legislates for the relief of individuals only persons specifically named are entitled to the relief and the same can not be extended to others not named. Nolan v. United States, 70 C. Cls. 357.
It is significant that the act of June 7,1935, granted relief only to the “present” leaders of the bands mentioned. Since the successors of the “present” band leaders would not be entitled to similar relief, the legislation is not such as was ■contemplated by the provisions of the act of February 14, 1931, wherein the Naval Academy Band members were to be ■“entitled to the same benefits in respect to pay, emoluments, and retirement arising from longevity, reenlistment, and *168 length of service as are or hereafter may become applicable to other officers and enlisted men of the Navy.”
Plaintiff is not entitled to recover and the petition is accordingly dismissed. It is so ordered.
Whaley, Judge; Littleton, Judge; Green, Judge; and Booth, Ohief Justice, concur.